UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) DOMINIK MANIGO and<br>(2) NELSON ROCHE DIAZ,<br><br>Defendants | Criminal No.   25cr10013<br><br>Violations:<br><br>Count One: Wire Fraud Conspiracy<br>(18 U.S.C. § 1349)<br><br>Count Two: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Count Three: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1.  Defendant (1) DOMINIK MANIGO ("MANIGO") resided in Massachusetts.

2.  Defendant (2) NELSON ROCHE DIAZ ("ROCHE") resided in Massachusetts.

3.  The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") created a new temporary federal unemployment insurance program called Pandemic Unemployment Assistance ("PUA").

4.  The Massachusetts Department of Unemployment Assistance ("MA DUA") administered and managed the PUA program in Massachusetts.

1

5. Eligible Massachusetts residents could apply for PUA benefits through an online portal by providing personally identifiable information ("PII"), including their first and last name, Social Security number ("SSN"), date of birth, residential and mailing addresses, and bank account information.

## Overview of the Conspiracy and Scheme to Defraud

6. From in or about May 2020 to in or about September 2021, (1) MANIGO and (2) ROCHE conspired with others known and unknown to the Grand Jury to unlawfully enrich themselves by submitting false and fraudulent applications to MA DUA in order to obtain PUA benefits and payments.

## Purpose of the Conspiracy

7. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by submitting false and fraudulent applications to MA DUA for PUA benefits and payments and causing MA DUA to issue PUA benefits and payments to the accounts provided to the MA DUA by one or more members of the conspiracy.

## Manner and Means of the Conspiracy

8. Among the manner and means by which (1) MANIGO, (2) ROCHE, and others known and unknown to the Grand Jury carried out the conspiracy and the scheme to defraud were the following:

    a. Using email addresses, residential addresses, and phone numbers that they controlled, to submit the fraudulent PUA applications.

    b. Using bank accounts to receive the proceeds of the fraudulent PUA applications.

    c.    Submitting fraudulent documents in support of their eligibility.

    d.    Receiving over $43,000 in PUA funds from MA DUA based on fraudulent claims submitted by (1) MANIGO, (2) ROCHE, and others known and unknown to the Grand Jury.

    e.    Using the PUA funds for their personal benefit.

<u>Acts in Furtherance of the Conspiracy and the Scheme to Defraud</u>

9.    From in or about May 2020 to in or about September 2021, (1) MANIGO, (2) ROCHE, and others known and unknown to the Grand Jury committed and caused to be committed the following acts, among others, in furtherance of the conspiracy:

    a.    On or about May 7, 2020, (1) MANIGO caused to be submitted on MA DUA's online portal a PUA claim that falsely claimed (1) MANIGO's employment was impacted by COVID-19 because, "My place of employment closed because of COVID-19." (10 MANIGO falsely certified that his total income in 2019 was $6,031 and that he was able and available to work between March 8, 2020, and May 2, 2020. (1) MANIGO also certified that (1) MANIGO did not have earnings of more than $89 per week between March 8, 2020, and May 2, 2020. (1) MANIGO submitted the fraudulent claim from a device associated with his email address.

    b.    On or about May 7, 2020, (2) ROCHE caused to be submitted a PUA claim on MA DUA's online portal that falsely claimed (2) ROCHE's employment was impacted by COVID-19 because, "My place of employment closed because of COVID-19." (2) ROCHE falsely certified that his total income in 2019 was $6,031 and that he was able and available to work between March 8, 2020, and May 2, 2020. (2) ROCHE also certified that (2) ROCHE did

3

not have earnings of more than $89 per week between March 8, 2020, and May 2, 2020. (2) ROCHE submitted the fraudulent claim from a device associated with his email address.

        c.      On or about June 21, 2021, (1) MANIGO caused to be submitted on MA DUA's online portal an employment-substantiation letter that falsely claimed (1) MANIGO was a former employee of a pizza restaurant located in Boston, Massachusetts, and falsely claimed that (1) MANIGO's hours as a delivery driver had been reduced as a result of COVID-19.

        d.      On or about June 21, 2021, (2) ROCHE caused to be submitted on MA DUA's online portal an employment-substantiation letter that falsely claimed (1) MANIGO was a former employee of a pizza restaurant located in Boston, Massachusetts, and falsely claimed that (2) ROCHE's hours as a delivery driver had been reduced as a result of COVID-19.

COUNT ONE
Wire Fraud Conspiracy
(18 U.S.C. § 1349)

The Grand Jury charges:

10. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 9(d) of this Indictment.

11. Between in or about May 2020 and in or about September 2021, in the District of Massachusetts, and elsewhere, the defendants,

> (1) DOMINIK MANIGO and
> (2) NELSON ROCHE DIAZ,

conspired with each other and others known and unknown to the Grand Jury to commit wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, to wit, submitting online PUA applications to MA DUA without lawful authority, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## Wire Fraud
## (18 U.S.C. § 1343)

The Grand Jury further charges:

12. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 9(d) of this Indictment.

13. On or about June 21, 2021, in the District of Massachusetts, the District of Colorado, and elsewhere, the defendant,

(1) DOMINIK MANIGO,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 2 | June 21, 2021 | Online employment-substantiation letter from outside Colorado in the name and PII of DOMINIK MANIGO to a server in Colorado. |

All in violation of Title 18, United State Code, Sections 1343 and 2.

## COUNT THREE
### Wire Fraud
### (18 U.S.C. § 1343)

The Grand Jury further charges:

14. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 9(d) of this Indictment.

15. On or about June 21, 2021, in the District of Massachusetts, the District of Colorado, and elsewhere, the defendant,

(2) NELSON ROCHE DIAZ,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 3 | June 21, 2021 | Online employment-substantiation letter from outside Colorado in the name and PII of NELSON ROCHE DIAZ to a server in Colorado. |

All in violation of Title 18, United State Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

16. Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1343 and 1349, set forth in Counts One through Three, the defendants,

(1) DOMINIK MANIGO and
(2) NELSON ROCHE DIAZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

(3) If any of the property described in Paragraph 23, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 23 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

*/s/ Rita Mattera*
FOREPERSON

*/s/ Samuel R. Feldman*
SAMUEL R. FELDMAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: January 15, 2025
Returned into the District Court by the Grand Jurors and filed.

*/s/ Aaron Hutchins*
DEPUTY CLERK